15-746-bk
*In re: Indicon, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand sixteen.

PRESENT:    CHESTER J. STRAUB,
            DENNY CHIN,
            SUSAN L. CARNEY,
                 *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: INDICON, INC.,
                 *Debtor.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VANGUARD PRODUCTS CORPORATION,
                 *Plaintiff-Appellant,*

                 v.                                                    15-746-bk

KIM CITRIN, STEPHEN JAMES CURLEY, DYMAX
CORPORATION, INDICON, INC., OMNI SOLO, INC.,
TRIDAK, LLC, MARIE DESALVO,
                 *Defendants-Appellees,*

JOSEPH TESORIERE,

                *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | IRVE J. GOLDMAN, Pullman & Comley LLC, Bridgeport, Connecticut. |
| FOR DEFENDANT-APPELLEE STEPHEN J. CURLEY: | Stephen J. Curley, Law Offices of Stephen J. Curley, Stamford, Connecticut. |
| FOR DEFENDANTS-APPELLEES DYMAX CORPORATION AND TRIDAK, LLC: | Gerald T. Giaimo, Daniel J. Krisch, Halloran & Sage, LLP, Hartford, Connecticut. |
| FOR DEFENDANT-APPELLEE OMNI SOLO, INC.: | ROBERT ALAN SCHRAGE, Law Offices of Robert Alan Schrage, Westport, Connecticut. |
| FOR DEFENDANT-APPELLEE MARIE DESALVO: | Maria DeSalvo, *pro se*, Wilson, Connecticut. |

Appeal from the United States District Court for the District of

Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Vanguard Products Corporation ("Vanguard") appeals

from the district court's September 30, 2013 judgment affirming an order of the United

States Bankruptcy Court for the District of Connecticut (Schiff, *B.J.*) entered March 20,

2012 granting defendant Joseph Tesoriere's letter motion to dismiss Vanguard's

adversary proceeding for lack of subject matter jurisdiction. Vanguard also appeals the

district court's February 9, 2015 denial of Vanguard's motion for rehearing. We assume

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Indicon, Inc. ("Indicon") filed for Chapter 11 reorganization on November 30, 2004. It did so without notifying Vanguard, its landlord at the time, or listing Vanguard as a creditor. Indicon filed a plan of reorganization in July 2008, the plan was confirmed by the bankruptcy court in August 2008, and a final decree was entered on February 10, 2009, terminating the bankruptcy proceeding. The plan provided that the "Bankruptcy Court retains jurisdiction of this Case, pursuant to the provisions of the Bankruptcy Code, until entry of a final Decree."

Vanguard did not learn of the bankruptcy until after the reorganization plan was confirmed. In February 2010, Vanguard successfully moved to reopen the bankruptcy case and obtain discovery. It then brought an adversary proceeding in the bankruptcy court against Indicon and its former principal, counsel, and financial advisors alleging breach of its lease agreement and fraud, including fraud on the bankruptcy court. The bankruptcy court entered a default judgment against Indicon and granted Vanguard an administrative expense for damages for the breach of the lease agreement plus attorneys' fees and costs. The default judgment determined that Vanguard's claim was not discharged by the bankruptcy. As for the claims against the remaining defendants, the bankruptcy court granted Tesoriere's motion to dismiss for

lack of subject matter jurisdiction and *sua sponte* dismissed claims against the remaining defendants as well. The district court affirmed. Vanguard appealed.

We conclude that the bankruptcy court below correctly held that it lacked jurisdiction over the claims against the remaining defendants. United States bankruptcy courts are courts of limited jurisdiction: they may hear only proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. This limitation may not be bypassed "simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011). "[B]ankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995).

Vanguard's claims against the non-debtor defendants for, *inter alia*, breach of fiduciary duty, fraudulent transfers, and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. St. § 42-110a *et seq.*, would have had "no effect on the estate of the debtor." *Celotex*, 514 U.S. at 308 n.6. Vanguard sought to recover damages, including punitive damages, from the other defendants to satisfy the default judgment that it had against Indicon. But the bankruptcy proceeding was over, Indicon was dissolved, and, as its counsel conceded at oral argument, Vanguard does not seek to reopen the bankruptcy case to redistribute the proceeds that were paid through the

- 4 -

plan.  If it were successful in its adversary proceeding, the recovery would go not to the estate but to itself.  In short, Vanguard's claims have nothing to do with the administered estate.  The bankruptcy court therefore does not have subject matter jurisdiction over these claims.[1]

We have considered Vanguard's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]     The district court found that the bankruptcy court did not have subject matter jurisdiction because the claims did not meet the close nexus test.  The district court noted a dispute among the circuits over whether the close nexus test applies to both core and non-core post-confirmation proceedings, *see e.g.*, *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260 (3d Cir. 2007) ("[T]he 'close nexus' standard only applies for the purposes of determining whether a federal court has jurisdiction over a non-core 'related to' proceeding in the post-confirmation context."), and that our circuit in particular has applied it, in two summary orders, to both core and non-core post-confirmation proceedings, *see In re Euro-Am. Lodging Corp.*, 549 F. App'x 52 (2d Cir. 2014); *In re DPH Holdings Corp.*, 448 F. App'x 134 (2d Cir. 2011).  We need not reach the issue in light of our disposition above.